OPINION BY DUBOW, J.:
Appellant, Anthony McCauley, appeals from the Judgment of Sentence entered in the Allegheny County Court of Common Pleas, following his convictions after a jury trial for Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Statutory Sexual Assault, Unlawful Contact with a Minor, Unlawful Restraint of a Minor, Indecent Assault of a person less than 13 years of age, two counts of Corruption of Minors, and Endangering the Welfare *949 of Children.[1] After careful review, we again vacate Appellant's Judgment of Sentence, order the recusal of the trial court judge, and remand with instructions.
This Court previously set forth the underlying facts, so we will not repeat them here in detail. See Commonwealth v. McCauley , No. 380 WDA 2015, 2016 WL 2908318 (Pa. Super. filed May 17, 2016) (unpublished memorandum). In summary, Appellant sexually abused the child victim when she was six and twelve years old. In August 2013, the child victim disclosed Appellant's sexual abuse to her grandmother, who subsequently notified police.[2]
On November 13, 2014, a jury convicted Appellant of nine sexual offenses. The trial court imposed an aggregate term of twenty to forty years' incarceration. See N.T., 12/6/16, at 2. Appellant filed a direct appeal, challenging the sufficiency of the evidence to support his convictions and the legality of his sentence due to the imposition of an illegal mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718. This Court affirmed Appellant's convictions, but vacated the Judgment of Sentence and remanded for further proceedings.
Significantly, we observed that the certified record on this first appeal to Superior Court was inconsistent and unclear about whether the trial court had actually imposed a mandatory minimum sentence. Commonwealth v. McCauley , No. 380 WDA 2015, unpublished memorandum at 8-9, 2016 WL 2908318 (Pa. Super. filed May 17, 2016). As a result, this Court instructed the trial court to clarify whether it had imposed a mandatory minimum sentence. In particular, Superior Court ordered the trial court as follows: (1) if the trial court imposed a mandatory minimum sentence pursuant to Section 9718, the trial court must "resentence Appellant without imposition of a mandatory minimum term[;]" or (2) if the trial court did not apply Section 9718, the trial court "shall re-impose Appellant's original sentence." Id. at 9.[3]
The trial court judge failed to follow the Superior Court Order. Rather, on December 6, 2016, the trial court conducted a brief and inadequate resentencing hearing. The trial court first stated that, when imposing the twenty- to forty-year sentence, it did not apply the mandatory minimum sentence pursuant to Section 9718. The trial court, however, ignored Superior Court's mandate of imposing the same sentence, and instead imposed a new sentence: an aggregate term of twenty years less two days of incarceration to forty years less four days of incarceration.[4]
Appellant filed a timely Post-Sentence *950 Motion on December 9, 2016.[5] He also filed a Motion for Recusal on February 7, 2017, challenging the trial court's impartiality. The trial court summarily denied the Motion for Recusal on March 8, 2017, and denied the Post-Sentence Motion on April 6, 2017.
Appellant filed a timely Notice of Appeal on April 21, 2017. Both Appellant and the trial court complied with Pa.R.A.P. 1925.
Appellant raises five issues on appeal:
[1.] Did the trial court err in failing to grant [Appellant's] Motion for Recusal where, based on the totality of the circumstances, the trial court's impartiality reasonably could have been questioned and its failure to recuse tended to undermine public confidence in the administration of justice?
[2.] Does the trial court's failure to comply with this honorable Court's order for remand again necessitate remand?
[3.] Did the trial court err in determining that [Appellant] was not originally sentenced pursuant to the mandatory sentencing provisions of 42 Pa.C.S. § 9718 ?
[4.] Did the trial court err when it imposed a new discretionary sentence upon [Appellant] without affording him the full panoply of rights to which a criminal defendant is entitled at sentencing and without considering the factors it was statutorily required to consider under both 42 Pa.C.S. § 9721(b) and 42 Pa.C.S. § 9725 ?
[5.] Must the trial court's order designating [Appellant] as a sexually violent predator be vacated where the framework within which that designation was made was deemed unconstitutional by this honorable Court in Commonwealth v. Butler [, 173 A.3d 1212, 1214 (Pa. Super. 2017), appeal granted , 190 A.3d 581 (Pa. 2018) ]?
Appellant's Brief at 7-8 (reordered).
We first address Appellant's claim that the trial court improperly denied his Motion for Recusal. See id. at 45-52. We review the denial of a motion to recuse for an abuse of discretion, while "recognizing that the judge himself [or herself] is best qualified to gauge his [or her] ability to preside impartially." Commonwealth v. Harris , 979 A.2d 387, 392 (Pa. Super. 2009) (citations omitted). "A party seeking recusal bears the burden of producing evidence to establish bias, prejudice, or unfairness[,] which raises a substantial doubt as to the jurist's ability to preside impartially." Commonwealth v. Watkins , 630 Pa. 652, 108 A.3d 692, 734 (2014) (citations omitted).
"It is axiomatic that a fair tribunal is a basic requirement of due process." Caperton v. A.T. Massey Coal Co., Inc. , 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) ; U.S. Const. Amend. XIV. The United States Supreme Court has recognized that a litigant's due process rights are violated when the circumstances of a judicial decision "g[i]ve rise to an unacceptable risk of actual bias." Williams v. Pennsylvania , --- U.S. ----, 136 S.Ct. 1899, 1908, 195 L.Ed.2d 132 (2016). Moreover, the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as the actual presence of bias or prejudice. Commonwealth v. Goodman , 454 Pa. 358, 311 A.2d 652, 654 (1973).
*951 However, "simply because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant." Commonwealth v. Travaglia , 541 Pa. 108, 661 A.2d 352, 367 (1995). Along the same lines, a judge's remark made during a hearing in exasperation at a party may be characterized as intemperate, but that remark alone does not establish bias or partiality. See Corbin v. Cowan , 716 A.2d 614, 619 (Pa. Super. 1998). In contrast, it is appropriate for a judge to recuse when the judge has publicly on numerous occasions expressed views about sentencing a class of defendants, ignoring the trial court's obligation to impose individual sentences on defendants. Commonwealth v. Lemanski , 365 Pa.Super. 332, 529 A.2d 1085 (1987) (holding that trial court should recuse when judge expressed his view publicly that he should sentence all drug offenders to the maximum penalty).
Similarly, when reviewing a motion for recusal, we may consider the cumulative effect of a judge's remarks and conduct in multiple cases, even if no single act creates an appearance of bias or impropriety. Commonwealth v. Rhodes , 990 A.2d 732, 748-49 (Pa. Super. 2009) (citation omitted).
After carefully reviewing the certified record before us, we agree that there is substantial evidence that the trial court judge demonstrated bias and personal animus against Appellant's counsel and the Public Defender's Office to such an extent that it "raises a substantial doubt as to the jurist's ability to preside impartially." Watkins , 108 A.3d at 734 (citations omitted).
We do not come to this conclusion lightly. It is important, however, to put this case in the context of several other cases in which Superior Court agreed with challenges to the trial court judge's sentencing decisions. On December 19, 2016, Superior Court issued its decision in Commonwealth v. Bernal , No. 138 WDA 2016, 2016 WL 7362624 (Pa. Super. filed Dec. 19, 2016) (unpublished memorandum). In that case, the trial court imposed consecutive, statutory maximum sentences on a sex offender. Superior Court reversed the trial court, expressing "our concern regarding the sentencing judge's failure to acknowledge the guidelines, and the imposed sentences' deviation from the guidelines." Id. at 16. Superior Court expressed further concern that "before imposing consecutive, statutory maximum sentences, the sentencing judge failed to request an updated PSI report, and failed to acknowledge or consider the rehabilitative needs of Bernal, as well as mitigating evidence." Id. at 16-17.
A few weeks later, on January 9, 2017, in Commonwealth v. A.S. , No. 1366 WDA 2015, 2017 WL 75866 (Pa. Super. filed Jan. 9, 2017) (unpublished memorandum), Superior Court again reversed an aggravated range sentence that this trial court judge imposed on a sex offender. Among the reasons supporting the Superior Court decision to reverse the sentencing decision was that the trial court judge "did not properly consider the various statutory sentencing factors, as the court had repeatedly relied on impermissible factors such as unreliable facts and misinformation ." Id. at 34 (emphasis added).
In highly unusual footnotes in both Bernal and A.S. , Superior Court noted that it was troubled with the trial court judge's biased decision-making process and inability to impose individualized sentences for sex offenders. Superior Court suggested that the Public Defender's Office file a Motion for Recusal on remand because Superior Court could not sua sponte order recusal. Bernal,supra at 17 n.9 ; A.S.,supra at 36 n.12.
*952 On December 9, 2016, the trial court re-sentenced Appellant in this case. Appellant filed timely a Post-Sentence Motion. On February 7, 2017, several weeks after Superior Court issued its decisions in Bernal and A.S. , Appellant filed a Motion for Recusal. Although the trial court committed some of the same errors at the re-sentencing hearing that the trial court had committed in Bernal and A.S. , the trial court denied the Post-Sentence Motion on April 6, 2017. The trial court also denied Appellant's Motion for Recusal on March 8, 2017. On June 29, 2017, the trial court judge filed its Rule 1925(a) Opinion.
Of most concern to this panel, and the basis for our decision to reverse the denial of the Motion to Recuse, is the animus against Appellant's counsel and the Public Defender's Office that the trial court revealed in its Opinion when addressing the reasons for denying Appellant's recusal motion. In particular, the trial court's Opinion is filled with gratuitous comments denigrating Appellant's counsel and the Public Defender's Office. When addressing challenges Appellant's counsel made to the trial court's decision, the trial court disparaged defense counsel by stating that "it seems vastly more likely that defense counsel, in a fit of pique, has simply made it her mission to disagree with every aspect of this Court's decision[.]" Trial Court Opinion, 6/29/17, at 4. Similarly, when dismissing Appellant's challenge to the trial court's sentencing procedures, the trial court imputed unprofessional (and unfounded) motives to Appellant's counsel by describing the challenge as "reflective of defense counsel's assertion of her agenda over the best interests of her client." Id. at 5.
In a very troubling statement, the trial court made a veiled threat that challenges that Appellant's counsel made to the trial court's decisions resulted in the trial court questioning the credibility of Appellant's counsel and the Public Defender's Office, which "is also harmful to other criminal defendants who may actually have meritorious claims." Id. at 4.
Additionally, the trial court accused Appellant's counsel of having an "agenda" and engaging in a "coordinated effort" with counsel in Bernal and A.S. to attack the trial court's sentencing decisions in sex offender cases. Id. at 5-8.[6] This conclusion is quite astonishing in light of the fact that Superior Court had acknowledged an "awareness of a possible emerging pattern in this particular sentencing court of routinely sentencing sex offenders in the aggravated sentencing range and/or outside the guidelines," and reminding the defendant "that he is permitted to file a recusal motion upon remand." A.S. , supra at 36 n.12.
We also are troubled by the trial court's sarcasm when dismissing challenges Appellant's counsel made to the trial court's sentencing decision. Upon resentencing Appellant and reducing Appellant's sentence by a few days, the trial court in its Opinion stated that "this Court would be happy to add those days back onto the sentence if [Appellant] wishes." Trial Court Opinion at 6. This sarcasm is disrespectful to Appellant, counsel, and the seriousness of the sentencing process.
*953 We note that the trial court did not make these gratuitous statements during an emotional and stressful courtroom hearing where the trial judge is attempting to control the courtroom and momentarily loses her temper. Rather, the trial court made these derogatory comments during the deliberative process of drafting an Opinion. The trial court's animus and hostility to Appellant's counsel and the Public Defender's Office appears to be deep, unwavering, and demonstrates an unjustified bias against the Public Defender's Office.
In addition to the personal animus and hostility towards Appellant's counsel and the Public Defender's Office, we are troubled by the trial court's failure to follow this Court's instructions on remand as well as to ensure that the sentencing hearing complied with Appellant's constitutional and statutory rights. We ordered that the trial court inform us either that it had not imposed a mandatory minimum sentence, in which case the original sentence was legal, or that the sentencing judge had imposed a mandatory minimum sentence and re-sentence Appellant. The trial court did neither. Rather, the trial court re-sentenced Appellant, imposed the same sentence, and deducted a few days.
In addition to failing to follow Superior Court's explicit instructions when re-sentencing Appellant, the trial court violated Appellant's statutory and constitutional rights. The trial court conducted an abbreviated sentencing hearing spanning two pages of transcript. See N.T., 12/6/16, at 2. As a result, the court departed from many sentencing norms[7] and violated Appellant's constitutional right to due process, and these errors require remand for resentencing.[8]
Finally, because the trial court continually refuses to follow mandates from Superior Court that require a sentencing hearing that meets statutory and constitutional requirements, Superior Court has had to remand several cases multiple times. This has resulted in an extensive deployment of judicial resources to review, analyze, and rectify the court's deficient sentencing hearings. We must now provide a substantial remedy. See Commonwealth v. Null , 186 A.3d 424, 429, 433-34 (Pa. Super. 2018) (holding trial court erred in failing to strictly comply with this Court's mandate on remand, vacating numerous related orders, and ordering trial court's recusal in further proceedings in accordance with prior orders).
*954 Accordingly, we find that the trial court judge abused her discretion in denying Appellant's Motion for Recusal because Appellant provided sufficient evidence raising a substantial doubt as to her ability to preside impartially and provide a fair tribunal for Appellant. Thus, we vacate Appellant's Judgment of Sentence.[9] We remand this matter to the President Judge of the Allegheny County Court of Common Pleas for the purpose of reassigning Appellant's resentencing to a new judge of the Court of Common Pleas of Allegheny County.
Judgment of Sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

18 Pa.C.S. § 3121(c) ; 18 Pa.C.S. § 3123(b) ; 18 Pa.C.S. § 3122.1(b) ; 18 Pa.C.S. § 6318(a)(1) ; 18 Pa.C.S. § 2902(b)(2) ; 18 Pa.C.S. § 3126(a)(7) ; 18 Pa.C.S. § 6301 ; and 18 Pa.C.S. § 4304(a)(1), respectively.

In its Pa.R.A.P. 1925(a) Opinion, the trial court referred to the child victim by her full name. Not only do we disapprove of this practice, but it is also contrary to 42 Pa.C.S. § 5988, which makes it a criminal offense for an officer or employee of the court to reveal the name of a minor victim of sexual abuse in documents available to the public.

Our Supreme Court denied allowance of appeal on this particular appeal on September 27, 2016. See Commonwealth v. McCauley , 638 Pa. 651, 158 A.3d 73 (2016) (per curiam ).

"It is well-settled that following remand, the trial court below must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from this Court's decision as to any matter decided on appeal." Commonwealth v. Null , 186 A.3d 424, 429 (Pa. Super. 2018) (citations omitted).

The trial court initially granted Appellant's Post-Sentence Motion on January 10, 2017. In its Rule 1925(a) Opinion submitted in this appeal, the trial court stated that it had "improvidently granted" Appellant's Post-Sentence Motion initially. Trial Court Opinion at 2.

Even the Commonwealth recognized the trial court's hostility to defense counsel and the appearance of bias that the trial court showed. The Commonwealth described the conflict between the trial court and the Public Defender's Office as a "feud," and "acknowledge[d] that the level of acrimony in the Opinion and the gyrations that cloud what actually occurred in the lower court and the court's strained effort to explain away obvious [inconsistencies] and missteps, may create an appearance of bias[.]" Commonwealth's Brief at 21.

For example, the trial court did not order or review an updated Pre-Sentence Investigation Report or provide a reason for dispensing with the PSI, see Pa.R.Crim.P. 702(A) ; did not provide Appellant with the opportunity to exercise his allocution right or have counsel present argument, see 42 Pa.C.S. § 9752 ; or place reasons for the sentence on the record, see 42 Pa.C.S. §§ 9721, 9725. In addition, the court did not recognize or cite the sentencing guidelines, and failed to acknowledge or consider any rehabilitative needs or mitigating evidence. See 42 Pa.C.S. § 9721(b).

Superior Court and Appellant's counsel have raised concerns about the trial court's pattern of sentencing practices in sex abuse cases. In response, the trial judge justifies her sentencing practices by concluding, inter alia , that 77% of her sentences for sex offenders were within or below the sentencing guidelines. Trial Court Opinion at 8. Since the trial judge did not include any documentation of her analysis in the certified record, it is impossible for us to consider the trial court's analysis and conclusions. More importantly, however, a statistical analysis would not compel a different result. The trial court has shown bias and personal animus towards Appellant's counsel and the Public Defender's Office in her Trial Court Opinion and has consistently failed to provide defendants with their statutory and constitutional rights. These factors alone are sufficient to reverse the trial court's denial of the Motion for Recusal.

Given our resolution and decision to vacate Appellant's Judgment of Sentence, we need not address Appellant's underlying sentence or his Sexually Violent Predator ("SVP") designation. However, we note that the parties agree that his SVP designation must be reversed in light of Commonwealth v. Butler , 173 A.3d 1212, 1214 (Pa. Super. 2017), appeal granted , 190 A.3d 581 (Pa. 2018). See Appellant's Brief at 53-57; Commonwealth's Brief at 23. Upon remand, the sentencing court must comply with the holding in Butler and determine Appellant's registration requirements. We note that our General Assembly recently enacted legislation to reenact the SORNA registration system, applying to individuals who commit an eligible offense on or after December 20, 2012. See Act 29 of 2018 (H.B. 1952); 42 Pa.C.S. § 9799.23. Given the timing of Appellant's sentencing and the filing of the relevant cases discussed above, the trial court did not have the opportunity to decide what, if any, effect this legislation had on Appellant.