J-S08033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AKANINYENE EFIONG AKAN, | : | |
| | : | |
| Appellant | : | No. 1093 WDA 2019 |

Appeal from the PCRA Order Entered July 2, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001844-2011

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 18, 2020**

Akaninyene Efiong Akan ("Akan") appeals, *pro se*, from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following a jury trial, Akan was found guilty of burglary, rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, terroristic threats, unlawful restraint, and simple assault.[1]  The trial court sentenced Akan to an aggregate prison term of 32 to 80 years.  This Court affirmed the judgment of sentence on November 25, 2013, and the Supreme Court of Pennsylvania denied Akan's Petition for Allowance of Appeal on May 30, 2014.  **See Commonwealth v. Akan**, 91 A.3d 1295 (Pa. Super. 2013) (unpublished memorandum), **appeal denied**, 93 A.3d 461 (Pa. 2014).

---

[1] 18 Pa.C.S.A. §§ 3502(c), 3121(a)(1), 3123(a)(1), 3124.1, 3126(a)(1), 2706(a)(1), 2902(a)(1), and 2701(a)(3).

Akan subsequently filed four PCRA Petitions, each of which was dismissed.

Akan filed the instant *pro se* PCRA Petition, his fifth, on April 2, 2019. On May 30, 2019, the PCRA court issued Notice of its intent to dismiss Akan's PCRA Petition pursuant to Pa.R.Crim.P. 907. Akan filed a timely Response on June 24, 2019. By Order dated July 2, 2019,[2] the PCRA court dismissed Akan's PCRA Petition as untimely. Akan filed a timely Notice of Appeal. On July 26, 2019, Akan filed a 1925(b) Concise Statement of Errors Complained of on Appeal.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free from legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

We must begin by addressing the timeliness of Akan's PCRA Petition, as the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)

---

[2] The PCRA court indicated that although it mistakenly dated this Order as June 2, 2019, the Order should have been dated July 2, 2019, the same date it was docketed.

- 2 -

applies. Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2). "[I]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (citations omitted).

Here, Akan's judgment became final on August 28, 2014, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* SUP. CT. R. 13. Akan did not file the instant PCRA Petition until April 2, 2019, more than 4 years after his judgment of sentence became final. Accordingly, Akan's PCRA Petition is facially untimely.

Akan attempts to invoke the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and argues that "the PCRA court erred by overlooking or ignoring … the newly discovered []facts[.]" Brief for Appellant at 32. Akan argues that this Court's decisions in *McCauley*/*Savage*/*Bernal*[3] contain 12 "new facts" under 42 Pa.C.S.A. § 9545(b)(1)(ii) that he could not

---

[3] *Commonwealth v. McCauley*, 199 A.3d 947 (Pa. Super. 2018) (wherein this Court stated that the Honorable Donna Jo McDaniel ("Judge McDaniel") exhibited bias against the Allegheny County Public Defender's Office and their clients in sex offense cases at sentencing); *Commonwealth v. Savage*, 203 A.3d 332 (Pa. Super. 2018) (unpublished memorandum) (same); *Commonwealth v. Bernal*, 159 A.3d 1009 (Pa. Super. 2016) (unpublished memorandum) (same).

have discovered even with the exercise of due diligence. *Id.* at 35. Akan states that the 12 "facts" are the decisions by this Court to vacate the sentences of the appellants and to order the recusal of Judge McDaniel in those cases, and Judge McDaniel's subsequent resignation. *Id.* at 33-35.

To succeed in pleading and proving a timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), Akan must demonstrate that "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has previously stated that "the focus of this exception []is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.[]" *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Initially, to the extent that Akan relies on *McCauley*/*Savage*/*Bernal*, judicial opinions do not constitute new "facts" for the purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018) (holding that judicial opinions do not qualify as facts for the purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii)).

Additionally, it is clear from a review of the record, that Akan's underlying assertions concerning Judge McDaniel's alleged judicial bias is not

a "new fact" to Akan, as Akan previously had filed two Motions to recuse Judge McDaniel for her alleged judicial bias against Akan. Therefore, Akan has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement.

Because Akan has failed to successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, the PCRA court did not err when it dismissed Akan's PCRA Petition without a hearing.[4]

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2020

---

[4] Akan raises three additional issues in his appellate brief, none of which attempt to invoke one of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1).