J-S15020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRIZECHAHN GATEWAY, LLC, A DELAWARE LIMITED LIABILITY COMPANY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | No. 1174 WDA 2020 |
| SCHNADER, HARRISON, SEGAL & LEWIS, LLP, PAUL H. TITUS, AND THOMAS D. ARBOGAST | : : : : | |

Appeal from the Judgment Entered October 26, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No:  GD 07-008527

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED:  August 6, 2021**

Trizechahn Gateway LLC (Trizec) appeals from the judgment entered against them and in favor of Schnader, Harrison, Segal & Lewis, LLP (Schnader) Paul H. Titus (Titus), and Thomas D. Arbogast (Arbogast) (collectively Appellees), in this action under Pennsylvania's former Uniform Fraudulent Transfers Act of 1993 (PUFTA), 12 Pa.C.S.A. § 5101 *et seq.*[1]  For the second time, we are constrained to vacate and remand.

---

* Retired Senior Judge assigned to the Superior Court.

[1] PUFTA was replaced by the Uniform Voidable Transfer Act of 2014, 12 Pa.C.S.A. § 5101 *et seq*.

In our prior decision (Remand Decision), ***Trizechahn Gateway, LLC v. Schnader Harrison Segal & Lewis***, 2019 WL 5858227 (Pa. Super. Nov. 8, 2019) (unpublished memorandum), we fully recited the facts and procedural history, which we incorporate in this decision.

In 2007, Trizec filed this action to collect a judgment it obtained against, among others, Appellees Titus and Arbogast, for breach of a commercial lease resulting from the dissolution of their law firm. Titus and Arbogast subsequently joined Appellee Schnader as partners. They retained Schnader in the unsuccessful appeal of the judgment. To pay for the appeal, Titus and Arbogast resigned from Schnader and allowed Schnader to place a lien on their capital accounts. The accounts were assets in the bankruptcies filed by Titus and Arbogast, but the trustee had abandoned them. By transferring the funds to Schnader, Titus and Arbogast ensured the funds were unavailable to pay the judgment obtained by Trizec.

Following a bench trial on May 24, 2018, the Honorable Judith L.A. Friedman found in favor of Appellees. Trizec appealed. In our Remand Decision, we described the trial judge's opinions as "brief . . . [and] all but devoid of citation to the record, to pertinent legal authority, and analysis of the statute at issue." ***Trizechahn***, 2019 WL 5858227 at \*3. We found the trial judge's decision "to treat claims that Trizec brought under three separate

J-S15020-21

sections of the PUFTA[2] as if Trizec brought them as one count makes parsing

its reasoning all but impossible." *Id.* We ultimately held the trial judge made

_____

[2] Trizec brought claims under Sections 5104(a)(1), 5104(a)(2), and 5105 of PUFTA. Section 5104 provides in pertinent part:

> **(a) General rule.**—A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
> >
> > (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S.A. § 5104(a)(1) and (2). Part b of Section 5104 provides a list of eleven factors the trial court must consider in determining "actual intent" under subsection (a)(1). 12 Pa.C.S.A. § 5104(b). Section 5105 provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

- 3 -

multiple errors of law in the statutory analysis, all in favor of Appellees, and affirmed a single credibility determination. *Id.* at *5-*7.[3] We therefore vacated the judgment and remanded, with detailed instructions for the issuance of a new opinion. *Id.* at *7.

Following our Remand Decision, Appellees sought reargument *en banc*, which this Court denied. They then sought leave to appeal to the Pennsylvania Supreme Court, which was also denied.

On October 5, 2020, the trial judge issued the opinion following remand, reaffirming the prior decision. Judgment was entered on October 26, 2020. This timely appeal followed. Trizec filed a concise statement of errors complained of on appeal, and in response the trial judge issued a "Supplemental Opinion on Remand." *See* Opinion, 12/16/20.

Trizec presents four questions for our review:

> 1. Whether, contrary to the Superior Court's instructions, the Trial Court erred by failing to consider the factors set forth in 12 Pa.C.S.A. § 5104(b) in determining whether Trizec has shown [Appellees] Paul H. Titus and Thomas D. Arbogast made the transfer of their respective partnership accounts to [Appellee]

---

12 Pa.C.S.A. § 5105. Section 5108 provides a defense for claims pursuant to Section 5104(a)(1) for third parties who "took in good faith and for a reasonably equivalent value." 12 Pa.C.S.A. § 5180(a). While this defense does not apply to §§ 5104(a)(2) or 5105, there is a common law defense of reasonably equivalent value. Pertinently, "reasonably equivalent value" as a defense for any of the claims is defined from the point of view of the creditor, "[c]onsideration having no utility from a creditor's viewpoint does not satisfy the statutory definition." 12 Pa.C.S.A. § 510 cmt. (2).

[3] Our Remand Decision fully addresses the errors with analysis of pertinent caselaw. *Trizechahn*, 2019 WL 5858227, at **3-7.

Schnader Harrison "with actual intent to hinder, delay or defraud any creditor of the debtor[?]"

2. Whether Trizec has proven the fraudulent intent of [Appellees] Paul H. Titus and Thomas D. Arbogast as a matter of law pursuant to 12 Pa.C.S.A. § 5104(a)(1) and 12 Pa.C.S.A. § 5104(b) and the Trial Court should be directed to enter judgment in favor of Trizec with respect to Count I of the Complaint[?]

3. Whether, contrary to the Superior Court's instructions, the Trial Court erred by failing to address the claims set forth in Trizec's Complaint pursuant to 12 Pa.C.S.A. § 5104(a)(2) and § 5105, including, but not limited to, whether reasonably equivalent value was received in exchange for the said transfer[?]

4. Whether Trizec proved that reasonably equivalent value was not provided in exchange for the transfers according to the standard set forth by the Superior Court and the Trial Court should be directed to enter judgment in favor of Trizec with respect to Counts II and III of the Complaint[?]

Trizec's Brief at 4-5.

We begin by recognizing:

In prior matters involving review of alleged fraudulent conveyances, we have stated that our standard of review of a decree in equity is particularly limited and that such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. The findings of the chancellor will not be reversed unless it appears the chancellor clearly abused the court's discretion or committed an error of law. The test is not whether we would have reached the same result on the evidence presented, but whether the chancellor's conclusion can reasonably be drawn from the evidence.

***Mid Penn Bank v. Farhat***, 74 A.3d 149, 153 (Pa. Super. 2013) (citation omitted).

The essence of Trizec's argument in each issue is that the trial judge failed to comply with this Court's Remand Decision. Trizec therefore requests

- 5 -

we reverse the entry of judgment in favor of Appellees and "remand this case to the Trial Court with directions to enter judgment in favor of Trizec on Counts I, II and III of its Complaint and for such further proceedings as may be required[.]" Trizec's Brief at 45-46.

In support, Trizec asserts the trial judge,

again failed to remedy its deficiencies in those rulings that were called out by this Court in its Remanding Decision. In both its Opinion on Remand and its Supplemental Opinion on Remand, the Trial Court *still* fails to undertake a thorough analysis of any applicable law whatsoever despite the clear instructions provided by the Remanding Decision to consider (a) the enumerated factors of fraud set forth in § 5104(b) of the PUFTA and (b) whether reasonably equivalent value as provided in exchange for the transfers.

Trizec's Brief at 15 (italics in original).

Appellees do not address the trial judge's compliance with our Remand Decision. Instead, they counter:

[A]s commonly required for legal and other types of services, at Schnader's request, the debtors provided a modest retainer for that work. Far from constituting fraud, is [sic] a matter of *routine* for law firms to request a retainer before providing legal work for a potential judgment debtor. Trizec's position would essentially preclude a potential judgment debtor from seeking legal help in challenging the potential judgment or in appealing once the judgment is entered, and therefore, is unreasonable on its face and contrary to the PAUFTA.

Appellees' Brief at 10 (italics in original).

Upon review, we find the trial judge's opinions to be unsupported by evidence, legally erroneous, and capricious. In addition, and as argued by

Trizec, the trial judge's failure to comply with this Court's Remand Decision

compels us to vacate the judgment. *See Mid Penn Bank*, 74 A.3d at 153.

The applicable Rule of Appellate Procedure provides:

**(a) General rule.** On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter.

**(b) Enforcement of appellate court orders.** At any time, upon its own motion or upon application, an appellate court may issue any appropriate order requiring obedience to or otherwise enforcing its judgment or other order.

Pa.R.A.P. 2591. The Supreme Court has stated, "it has long been the law in

Pennsylvania that following remand, a lower court is permitted to proceed only

in accordance with the remand order." *Commonwealth v. Sepulveda*, 144

A.3d 1270, 1280 n. 19 (Pa. 2014). Further, "where a case is remanded for a

specific and limited purpose, issues not encompassed within the remand order

may not be decided on remand." *Id.* (citation omitted).

A trial court has an obligation to comply scrupulously, meticulously, and completely with an order of the [appellate court] remanding a case to the trial court. This Court [has stated]: It is well-settled that a trial court must strictly comply with the mandate of the appellate court. . . . [we] held that the trial court exceeded the scope of the mandate of the Supreme Court by considering an issue not included in the mandate. We concluded: Accordingly, the trial court could not consider this issue on remand. It is axiomatic that the court below, on remand, must comply strictly with the mandate of the higher court.

*Commonwealth v. Williams*, 877 A.2d 471, 474-75 (Pa. Super. 2005)

(quotation marks, citations, and emphasis omitted). "It is well-settled that

- 7 -

following remand, the trial court must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside or in any measure disturb or depart from this Court's decision as to any matter decided on appeal." ***Commonwealth v. McCauley***, 199 A.3d 947, 949 n. 4 (Pa. Super. 2018) (citation omitted).

In our Remand Decision, we concluded the trial judge "failed to undertake the proper analysis under 12 Pa.C.S.A. § 5104(a)(1) and failed to undertake any analysis of 'reasonably equivalent value' from the creditor's point of view, when it presumably applied Section 5108, [and thus,] we are constrained to vacate the judgment in favor of Schnader." ***Trizechahn***, 2019 WL 5858227, at *7. We also determined the trial judge "should not have analyzed [the] claims pursuant to 12 Pa.C.S.A. § 5104(a)(2) and 5015 concordantly with its analysis of Section 5104(a)(1)." ***Id.*** Moreover, we held the trial judge should not have applied the good faith defense contained in 12 Pa.C.S.A. § 5108 to claims brought under Sections 5104(a)(2) and 5015, and that it did not correctly analyze the defense of reasonably equivalent value.

***Id.*** We summarized our disposition as follows:

> Accordingly, for the reasons discussed ***supra***, we vacate the judgment of November 19, 2018. Further, we remand with the following instructions. The trial court is to issue a new decision, which contains **a thorough analysis**[4] of the factors contained in 12 Pa.C.S.A. § 5104(b) and an analysis of the intent of Titus and Arbogast under 12 Pa.C.S.A. § 5104(a)(1). If the trial court determines there was a fraudulent transfer under 12 Pa.C.S.A. § 5104(a)(1), it can then determine whether 12 Pa.C.S.A. § 5108 applies, in so doing, it must analyze "reasonably equivalent value" from the point of view of Trizec. The trial court must also

- 8 -

undertake **a separate analysis** of the claims under 12 Pa.C.S.A. §§ 5104(a)(2) and 5105, without consideration of 12 Pa.C.S.A. § 5108. In making any determination of "reasonably equivalent value" the court **must consider the definitions of value and reasonably equivalent value in accordance with 12 Pa.C.S.A. §§ 5103(a) and (b) and the Bar Association comment.**

> [4] We direct the trial court's attention to the analyses provided by the trial courts in ***Fell v. 340 Associates***, 125 A.3d 75 (Pa. Super. 2015) and ***Mid Penn Bank v. Farhat***, 74 A.3d 149 (Pa. Super. 2013).

***Id.*** (bold emphases added).

The trial judge did not comply with this Court's instructions. It authored an October 5, 2020 opinion which focused on distinguishing case law this Court found applicable. Trial Judge Opinion, 10/5/20, at 3-6.[4] The opinion lacks detailed findings of fact, with the few factual findings in the opinion conflicting with factual findings in the trial judge's earlier opinions. ***See id.*** at 1-2. For example, in the May 24, 2018 opinion, the trial judge implied Titus and Arbogast had the intent to defraud, but found in favor of Appellees by incorrectly applying the Section 5108 defense to all claims, and by misinterpreting the defense of reasonably equivalent value. The May 24, 2018 opinion states:

> The unavoidable suggestion . . . was that, at the time the liens were granted, Mr. Titus, Mr. Arbogast and Schnader had acted to defeat [Trizec's] right to collect the judgment that would surely be entered against the former [law firm] partners. This would have

---

[4] The pages are not numbered; for ease of discussion, we assigned each page a corresponding number.

been in keeping with Mr. Titus's blithe handling of the winding up of the partnership's rental obligation, and it is not surprising that [Trizec] was highly skeptical of the legitimacy of the transfer. The subsequent discharges in bankruptcy of Mr. Titus and Mr. Arbogast's substantial obligations to Schnader would only have confirmed [Trizec's] view of the transactions.

Trial Judge Opinion, 5/24/18, at 2-3. The trial judge found in favor of Appellees after crediting the testimony of Schnader's witnesses.[5] *Id.* at 3.

On remand, the trial judge — without citing any evidence — found Titus and Arbogast did not act fraudulently, but "properly hired appellate counsel to assist in the preparation and briefing of [appellate work,] and they had no moral or legal obligation not to contract for those legal services with Schnader." Trial Judge Opinion, 10/5/20, at 6. Again, without reference to the record, explanation, or discussion of the Section 5104(b) factors **as ordered by this Court**, the trial judge found Titus' "intent was simply to start the legally and morally permissible appeal of the eventual judgment[.]" *Id.* at 7.

In addition to contradicting findings in earlier opinions, the trial judge misapplied the law. The judge stated Trizec could only prevail under Section 5104(a)(1) if it proved intent to defraud. *Id.* at 6-7. However, a plaintiff may prevail under Section 5104(a)(1) if it proves intent to hinder or delay, not just

---

[5] "**Schnader** did not aid and abet Mr. Titus or Mr. Arbogast in a scheme to deprive [Trizec] of assets to seize. . . . Despite all appearances to the contrary, the **conduct of Schnader** . . . had a good faith basis[.]" Trial Court Opinion, 5/24/18, at 5 (emphases added).

defraud. 12 Pa.C.S.A. § 5104(a)(1). There is no discussion of these two elements.

Also, while the trial judge discussed claims pursuant to Sections 5104(a)(2) and 5105, she conflates those sections with Section 5104(a)(1), holding that Trizec cannot prevail because it did not prove intent to defraud. *Id.* at 7-8. A plain reading of Sections 5104(a)(2) and 5105 demonstrates that neither requires proof of intent to defraud. *See id.*; *see also* 12 Pa.C.S.A. §§ 5104(a)(2) and 5105.

As noted above, the trial judge issued a "Supplemental Opinion on Remand" in response to Trizec's Rule 1925(b) statement. *See* Trial Judge Opinion, 12/16/20. This opinion contradicted three prior decisions insofar as the trial judge decided, *sua sponte*, that the disputed transfer did not fit within the confines of the PUFTA. *Id.* at 5-8. Appellees argued against PUFTA's applicability at both preliminary objections and summary judgment stages of the litigation but the trial judge decided the issue against them. *See* Preliminary Objections, 6/11/07, at ¶¶ 7-12; Preliminary Objections, 7/10/2007, at 3; Preliminary Objections, 7/16/07, at ¶¶ 9-11; Order Overruling Preliminary Objections 4/2/09; Motion for Summary Judgment, 10/30/17, at 3; Order Denying Summary Judgment, 2/6/18, at 1-2. Thus, this issue was settled well before trial, and was not before the trial judge on

remand.[6]  Further, the finding following remand contradicts earlier findings that there was a transfer but it was not fraudulent.  *See* Decision, 5/24/18, at 5-6; Opinion, 12/3/18, at 6; Opinion on Remand, 10/5/20, at 5-8.  The trial judge does not provide any legal support for this later finding, or attempt to reconcile it with 12 Pa.C.S.A. § 5101, which includes liens within the scope of the Act.  Lastly, it bears repeating that the finding exceeds the scope of the remand, which was for a determination of whether there was a fraudulent transfer within the meaning of the Act, not for a belated and unsupported conclusion that Trizec fails to state a claim upon which relief can be granted.  *See Sepulveda*, 144 A.3d at 1280 n. 19; *Williams*, 877 A.2d at 474-75.

In sum, the October 5, 2020 and December 16, 2020 opinions did not "comply strictly with this Court's mandate."  *McCauley*, 199 A.3d at 949 n. 4.  Rather, the trial court distinguished caselaw it was directed to apply; failed to make detailed findings of fact; made errors of law; *sua sponte* decided the case in favor of Appellees based on an issue that had been decided against them; and issued two capricious opinions.  *See Mid-Penn*, 74 A.3d at 153.  Accordingly, the trial judge failed "to comply scrupulously, meticulously, and completely" with this Court's Remand Decision.  *Williams*, 877 A.2d at 474.

---

[6] Under the law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

Trizec requests remand for entry of judgment in its favor. Trizec's Brief at 45-46. However, we are not a fact-finding Court, and in the absence of the detailed factual findings we previously ordered, we decline to do so. **See Commonwealth v. Grant**, 813 A.2d 726, 734 (Pa. 2002) (appellate courts do not act as fact finders); **Burke ex rel. Burke v. Independence Blue Cross**, 128 A.3d 223, 229 (Pa. Super. 2015) (the Superior Court "is not a fact-finding tribunal.").

Consistent with the foregoing, we vacate the judgment and remand for further proceedings. As the trial judge is no longer on the bench, the jurist assigned on remand shall adhere to and fully comply with this Court's Remand Decision and the instant decision, and issue a new opinion with thorough analysis and adherence to pertinent law. **See Trizechahn**, 2019 WL 5858227, at *7. Accordingly, we incorporate the order paragraph from our Remand Decision, and direct the Prothonotary to attach a copy of the Remand Decision to this decision.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/6/2021</u>