J-A20014-21
J-A20015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DAVID BOATRIGHT | : | |
| | : | |
| Appellant | : | No. 1193 WDA 2020 |

Appeal from the PCRA Order Entered September 29, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006318-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DAVID BOATRIGHT | : | |
| | : | |
| Appellant | : | No. 69 WDA 2021 |

Appeal from the PCRA Order Entered September 28, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009340-2009

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: OCTOBER 22, 2021**

Anthony David Boatright appeals[1] from the order entered in the

Allegheny County Court of Common Pleas on September 29, 2020, dismissing

---

[1] We have consolidated Boatright's two appeals *sua sponte* as they raise identical challenges to the PCRA court's order.

his "Application For Leave to Appeal Nunc Pro Tunc" as untimely filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546.[2] After careful review, we find the PCRA court properly denied relief and affirm.

In April 2010, a jury convicted Boatright of multiple sexual offenses involving two minor family members. The court subsequently sentenced him to an aggregate term of fifty to one-hundred years' incarceration. Boatright filed post-sentence motions which were denied. On direct appeal, we vacated the judgment of sentence and remanded for a hearing to determine if a new trial was warranted. *See Commonwealth v. Boatright*, No. 1831 WDA 2010, 38 A.3d 916 (Pa. Super., filed November 9, 2011) (unpublished memorandum). After a hearing, the trial court ordered a new trial.

On October 18, 2012, after a second jury trial, Boatright was found guilty of one count each of rape of a child, forcible rape, involuntary deviate sexual intercourse with a child, involuntary deviate sexual intercourse, aggravated indecent assault of a child, and two counts each of indecent assault of a person less than thirteen years of age, endangering the welfare of children, corruption of minors, indecent exposure and incest.

On December 5, 2012, Boatright was sentenced to an aggregate term of twenty-five to fifty years' incarceration. Boatright's timely post-sentence

---

[2] As discussed in further detail below, while Boatright did not specifically title his *pro se* filing as a PCRA petition, the court correctly treated this post-conviction filing as a petition under the PCRA.

motion was denied. Boatright appealed and this Court affirmed the judgment of sentence. *See Commonwealth v. Boatright*, No. 129 WDA 2013, 93 A.3d 506 (Pa. Super., filed December 10, 2013) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Boatright*, 16 WAL 2014, 92 A.3d 810 (Pa. filed May 21, 2014).

On September 3, 2014, Boatright filed a timely *pro se* PCRA petition. PCRA counsel was appointed who subsequently filed a petition to withdraw and a *Finley*[3] no-merit letter. The PCRA court filed an order permitting counsel to withdraw and issuing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 23, 2015, the PCRA court dismissed the petition. After Boatright filed a *pro se* appeal, we affirmed the dismissal. *See Commonwealth v. Boatright*, No. 844 WDA 2015, 156 A.3d 334 (Pa. Super., filed August 11, 2016) (unpublished memorandum).

On October 18, 2019, Boatright filed a second *pro se* PCRA petition. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 26, 2020, the PCRA court dismissed the petition. Boatright appealed. On May 14, 2020, we quashed the appeal pursuant to *Commonwealth v. Walker,* 185 A.3d 969 (Pa. 2018).

---

[3] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On June 21, 2020, Boatright filed an "Application For Leave to Appeal Nunc Pro Tunc", which the trial court treated as a third PCRA petition. On September 3, 2020, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. On September 29, 2020, the PCRA court denied the petition. This appeal followed.

As a prefatory matter, we must address our jurisdiction to entertain this appeal because appellate courts lack jurisdiction to consider untimely appeals and may raise the issue *sua sponte*. **See Commonwealth v. Nahavandian**, 954 A.2d 625, 629 (Pa. Super. 2008) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.").

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); **see also** Pa.R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit

an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.").

Here, the PCRA court entered its order denying PCRA relief on September 29, 2020. In the order, the PCRA court advised Boatright of his right to appeal the dismissal of his petition to this Court within 30 days of the date of the order. **See** PCRA Court Order, 9/29/2020. Therefore, Boatright had until October 29, 2020 to file his notice appeal. A review of the record reveals Boatright's notice of appeal was not docketed until November 2, 2020.

Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **See** Pa.R.A.P. 121(a); **see Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, Boatright included, in the certified record, the envelope used to send the notice of appeal to the department of court records that is stamped with postage that is dated October 27, 2020, which was within the 30-day

appeal period. Based on the record, and applying the "prisoner mailbox rule," we conclude Boatright has provided sufficient proof that he filed a timely notice of appeal.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. *See Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). A petition seeking reinstatement of the right to appeal the denial of a PCRA petition must be considered a subsequent PCRA petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002). Further, "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." *Id*.

Accordingly, prior to reaching the merits of Boatright's claims on appeal, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Boatright's judgment of sentence became final on September 19, 2014, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than five years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Boatright's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See***

***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also***

Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted). Even liberally construed, Boatright has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar.

Boatright attempts to invoke Section 9545(b)(1)(ii), i.e., the newly discovered fact exception. Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Boatright argues this Court's decision in *Commonwealth v. McCauley*, 199 A.3d 947 (Pa. Super. 2018), in which we stated the same trial judge exhibited bias against the Allegheny County Public Defender's Office and their clients in sex offense cases at sentencing, somehow constitutes a "new fact".

Initially, to the extent Boatright relies on *McCauley*, judicial opinions do not constitute new "facts" for the purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020).

Further, it is clear from a review of the record that Boatright's underlying assertions concerning the trial judge's alleged judicial bias is not a "new fact" to Boatright, as he previously filed a motion to recuse the trial judge for her alleged judicial bias against Boatright, and raised the same assertions in both of his previous PCRA petitions. To the extent Boatright attempts to rely on cases in which we may have been critical of the sentencing practice of the same trial judge to bolster his assertion of misconduct, they merely provide a new source for a previously known fact. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding that a new conduit for a previously litigated claim does not qualify for the newly discovered fact exception). Therefore, Boatright has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement. *See id*.

Accordingly, the PCRA court did not err when it dismissed Boatright's PCRA petition without a hearing.

Order affirmed.

J-A20014-21
J-A20015-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/22/2021