J-S47041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON JAMES GUESS | : | |
| | : | |
| Appellant | : | No. 1807 EDA 2025 |

Appeal from the PCRA Order Entered May 27, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000831-2022

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                          **FILED MARCH 26, 2026**

Aaron James Guess ("Guess") appeals pro se from the order entered by the Montgomery County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we conclude that his claims either lack merit or were previously litigated, we affirm.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> … On January 10, 2022, Officer Nathan Walters (hereinafter "Walters") of the Abington Township Police Department responded to a domestic disturbance at a restaurant located at 391 Highland Avenue.  While en route, Walters learned that the male involved in the disturbance had left.  When he arrived, the female involved in the disturbance was sitting in her parked vehicle, which displayed a fake paper Delaware license plate.  Walters was familiar with the female because he stopped her vehicle two months prior for having a similar fake paper license plate.  The

---

[1]  42 Pa.C.S. §§ 9541-9546.

female declined assistance and Walters did not issue her a citation for the fraudulent license plate since she was parked in a private lot and not driving.

Thereafter, Walters spoke with the manager of the restaurant who stated that the male left in a gray or silver Honda. Walters initially checked the area that the manager indicated the vehicle travelled, but was unable to locate it. He went back to the restaurant to speak with the female again, but she already left. About five to ten minutes later, Walters passed a gray or silver Honda Crosstour with dark window tint about one block from the restaurant travelling in the opposite direction. The vehicle matched the description the manager gave and displayed a paper Delaware license plate, like the female's vehicle.

As Walters turned around to follow the vehicle, he ran the plate which came back to a white Ford F-250 that expired in 2021. Walters conducted a traffic stop and was unable to see into the vehicle as he approached. Walters spoke with the driver, who was the sole occupant. Initially, the driver did not have identification and said his name was James Williams. Eventually, the driver provided Walters with a PA identification card identifying him as Aaron Guess. While speaking with [Guess], Walters observed a cell phone on the passenger seat and smelled the odor of burnt marijuana coming from inside the vehicle.

Simultaneously, Walters radioed dispatch for a warrant check. Dispatch advised they had more information that could not be transmitted over the radio. Walters waited for back-up to arrive and then returned to his vehicle. The information on his screen indicated that [Guess] had an active warrant from Tinicum Township. Dispatch contacted Tinicum Township and confirmed that the warrant was active and wanted [Guess] taken into custody.

Thereafter, Walters and another officer approached the vehicle and asked [Guess] to step out of the vehicle. [Guess] refused, so the officers physically removed him. A struggle ensued and [Guess] was eventually brought to the ground by three officers. The struggle continued on the ground with [Guess] on top of Walters. Two officers eventually got [Guess] to his feet and one repositioned himself to deploy a taser. When [Guess] was tased, his body fell on top of Walters. At some point during the struggle, the back of Walters' head struck the pavement.

[Guess] was searched incident to arrest and Walters recovered two cell phones, in addition to the one observed in the vehicle, and $2,100 in United States currency on his person. As a result, Walters applied for and obtained a warrant to search [Guess'] vehicle for evidence of drug trafficking. The vehicle was towed and secured in the evidence bay pending the search warrant. A search of the vehicle revealed a loaded handgun in the center console, 946 whi[t]e pills determined to be alprazolam, a gram of white powder later determined to be fentanyl, and several other pills.

[Guess] filed a motion to suppress and argued: (1) the stop of the vehicle was without reasonable suspicion or probable cause; (2) the outstanding arrest warrant was invalid; and (3) the search warrant for the vehicle was obtained without probable cause. The trial court denied the motion following the suppression hearings. The parties proceeded to a stipulated bench trial wherein [Guess] was found guilty of possession of a firearm prohibited and sentenced to an aggregate term of 60 to 120 months of incarceration.

*Commonwealth v. Guess*, 1335 EDA 2023, 2024 WL 2021793, at *1–2 (Pa. Super. 2024) (non-precedential decision, footnote and record citations omitted).

The PCRA court set forth the subsequent procedural history as follows:

[Guess] filed a direct appeal with the Pennsylvania Superior Court, which affirmed his judgment of sentence on May 7, 2024. [Guess] filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied the petition on October 29, 2024.

On February 19, 2025, [Guess] filed a timely PCRA petition. On February 25, 2025, the court appointed PCRA counsel. On April 25, 2025, counsel filed a "no-merit" letter in accordance with *Commonwealth v. Turner*, [] 544 A.2d 927 ([Pa.] 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), together with a petition to withdraw as court[-]appointed counsel for [Guess].

On April 28, 2025, the [PCRA] court filed its notice pursuant to Pa.R.Crim.P. 907(1) of its intention to dismiss [Guess]'s PCRA petition … without a hearing ("Rule 907 Notice"). That same date, the court granted PCRA counsel's motion to withdraw as … counsel[.] On May 12, 2025, [Guess] filed a response to the court's Rule 907 Notice. On May 27, 2025, the court dismissed [Guess]'s PCRA petition without an evidentiary hearing. On June 25, 2025, [Guess] filed a timely [pro se] notice of appeal.

PCRA Court Opinion, 7/22/2025, at 2-3 (unnecessary capitalization omitted).

On appeal, Guess argues that the PCRA court erred in failing to conclude that trial counsel was ineffective for not filing a motion for recusal of the trial court judge prior to trial. **See** Guess' Brief at 1 (unnumbered).[2] He also challenges the trial court's denial of his suppression motion. **See id.** at 1-2.[3]

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." **Commonwealth v. Johnson**, 289 A.3d 959, 979 (Pa. 2023). "[W]e defer to the factual findings of the post-conviction court, which is tasked with hearing the evidence and assessing credibility." **Id.** Our standard of review of a PCRA court's legal conclusions, however, is de novo. **Id.**

In his first issue, Guess argues that his trial counsel was ineffective for failing to file a motion for recusal after the trial court denied his suppression

---

[2] We note that Guess' appellate brief does not contain a section setting forth the statement of questions involved. **See** Pa.R.A.P. 2116(a).

[3] Guess' pro se appellate brief is handwritten, difficult to read, and his claims difficult to discern. We set forth his arguments to the best of our ability.

- 4 -

motion. *See* Guess' Brief at 2 (unnumbered). He maintains that the trial court showed bias in ruling against him. *See id.*

> The law regarding ineffective assistance of counsel claims is clear:
>
> It is well[]settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (quotation marks and citation omitted). Importantly, a PCRA petitioner must address each of these three prongs not only before the PCRA court but also on appeal, as the petitioner bears the burden of pleading that counsel provided ineffective assistance. *Id.* This Court, however, need not review the elements pertaining to claims of ineffective assistance of counsel in any particular order, as "[a] petitioner's failure to satisfy any prong of this test is fatal to the claim." *Id.*

Our Supreme Court has held that a judge must recuse "only if substantial doubt as to the judge's ability to preside impartially has been demonstrated." *Commonwealth v. Reyes*, 870 A.2d 888, 897 (Pa. 2005). "However, simply because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant." *Commonwealth v. McCauley*, 199 A.3d 947, 951 (Pa. Super. 2018) (quotation marks and citation omitted); *see also Commonwealth v. Abu-*

*Jamal*, 720 A.2d 79, 90 (Pa. 1998) ("Adverse rulings alone do not, however, establish the requisite bias warranting recusal").

In this case, Guess provides no further explanation as to why the trial court judge could not preside over his trial after denying his suppression motion other than a vague claim that the judge's denial of his motion "presented an impermissible risk of actual bias." *See* Guess' Brief at 2 (unnumbered). As he provides no other allegation, explanation, or support for his claim that the trial court could not impartially preside over his trial, we conclude that his claim that his trial counsel was ineffective for failing to file a recusal motion lacks arguable merit. *See Reid*, 259 A.3d at 405. Accordingly, the PCRA court did not err in denying this claim.

In his second issue, Guess argues that the trial court erred in denying his suppression motion, as the officers lacked probable cause to arrest him. *See* Guess' Brief at 2-3 (unnumbered). In support of this claim, he contends the outstanding warrant underlying his arrest was invalid. *See id.* at 3.

To be eligible for relief, a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* § 9544(a)(2). Further, to be cognizable under the PCRA, the petitioner must raise a claim that the conviction or sentence was the result of one (or more) of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

\* \* \*

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

In this case, Guess unsuccessfully challenged the trial court's denial of his suppression motion on direct appeal. *See Guess*, 2024 WL 2021793, at *1−9. Thus, Guess' claim challenging the trial court's denial of his suppression is ineligible for PCRA relief. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2); *see also Commonwealth v. Brown*, 872 A.2d 1139, 1144 (Pa. 2005) (holding defendant's claim raised on direct appeal and rejected by the appellate court was a previously litigated claim under the PCRA and could not be presented

or reviewed again on collateral review). Moreover, a claim that the trial court erred by denying a motion to suppress is not cognizable under the PCRA. ***See generally*** 42 Pa.C.S. § 9543(a)(2); ***see also Commonwealth v. Flores-Gil***, 341 A.3d 74, 2025 WL 1304881, *4 (Pa. Super. 2025) (non-precedential decision).[4] For both reasons, Guess' second issue fails.

As we conclude the PCRA did not err in denying any of Guess' claims, he is not entitled to relief.[5]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2026

---

[4] ***See*** Pa.R.A.P. 126(b)(1) (permitting non-precedential decisions filed by the Superior Court after May 1, 2019 to be cited for persuasive value).

[5] We note that Guess does not challenge the PCRA court's decision to permit PCRA counsel to withdraw pursuant to ***Turner***/***Finley*** nor does he raise any allegations of ineffective assistance of PCRA counsel.